** Summary **
CERTAIN WELFARE EMPLOYEES NOT SUBJECT TO PREVAILING HOURLY RATE OF WAGES LAW Regular salaried employees and other persons employed by the Department of Welfare, who make repairs, do construction work, carpentry work, masonry and similar work are not deemed to be employe upon "public works," and therefore are not subject to the prevailing hourly rate of wages set by the Oklahoma Commissioner of Labor under 40 O.S. 196.3 [40-196.3](A) (1971). The Attorney General is in receipt of your opinion request wherein you outline the following facts: "From time to time, it becomes necessary to make repairs to buildings, and to do some construction work, at institutions under the jurisdiction of the Department of Institutions, Social and Rehabilitative Services; and whenever it is possible to do so the Department uses regular salaried employees for this purpose, and sometimes other persons are employed on an hourly basis to do carpentry work, masonry and similar work. All of this is done on what is known as a 'force account' basis. No contract is let." Based on those facts you in effect ask the following question: Are the particular employees or employments of the Oklahoma Welfare Commission subject to application of 40 O.S. 196.3 [40-196.3](A) (1972)? Title 40 O.S. 196.3 [40-196.3](A) (1972) provides as follows: "Payment of prevailing hourly rate of wages — Holidays and overtime — Hauling of materials. — A. Not less than the prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed, and not less than the prevailing hourly rate of wages for the legal holiday and overtime work, shall be paid to all workmen employed by or on behalf of any public body engaged in the construction of public works, exclusive of maintenance work. Only such workmen as are directly employed by contractors or subcontractors in actual construction work on the site of the building or construction job shall be deemed to be employed upon public works." Applying the plain meaning construction rule as expressed in McVicker v. Board of County Commissioners of the County of Caddo, 442 P.2d 297, 1968, wherein the Court stated: "All courts recognize that if the wording of a provision of a statute or constitution is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for the use of interpretive devices to fabricate a different meaning." It is clear that the Legislature intended that only those workmen "as are directly employed by contractors or subcontractors in actual construction work on the site of the building or construction job shall be deemed to be employed upon public works." It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that the Department's regular salaried employees and the other persons employed by the Department on an hourly basis are not performing "public works" and are not within the purview of 40 O.S. 196.3 [40-196.3](A) (1972). (Nathan J. Gigger)